# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-1330

_____

Riley B. Housley III; Kathleen
Sullivan,

        Appellants,

   v.

City of Edina; Brandon Deshler,
Edina Police Officer; Erik Kleinberg,
Edina Police Officer; City of
Minneapolis; Officer Hofius,
Minneapolis Police Officer; Officer
Ketzner, Minneapolis Police Officer;
Police Officers Federation of
Minneapolis; John Doe; Mary Roe,
Edina and/or Minneapolis police
officers whose names are unknown at
this time,

        Appellees.

\*    Appeal from the United States
\*    District Court for the
\*    District of Minnesota.
\*
\*    [UNPUBLISHED]

_____

Submitted:  November 16, 2007
Filed: February 22, 2008

_____

Before MURPHY, HANSEN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Riley Housley and Kathleen Sullivan appeal from the district court's[*] adverse grant of summary judgment on their 42 U.S.C. § 1983 lawsuit against the cities of Edina, Minnesota, and Minneapolis, Minnesota, and several of each city's police officers. On July 3, 2003, a police officer stopped a car on suspicion of drug-related activity. Justin Harris, a passenger in the car, identified himself to the officer. Harris acted suspiciously, and the officer requested that Harris exit the vehicle. The officer held Harris by the arm, but Harris broke free and fled the scene. One of the car's passengers identified Harris and gave the officer a telephone number. On July 17, 2003, an officer called the number, listed to a business at 204 Lowry Avenue in Minneapolis, and Housley answered. Housley told the officer that Harris had worked for him, and the officer averred from his experience that information identifying Harris could be found at a location where Harris had worked. Police officers obtained a search warrant to search Sullivan's building located at 204 Lowry Avenue, where Housley worked and lived, for evidence that would be useful to identify and locate Harris. The warrant was signed by a state district court judge. The copy of the warrant that officers presented to Housley during the search did not contain the judge's signature. When Housley protested the validity of the warrant, an officer handcuffed Housley and placed him in the back of a squad car. During the search, police officers obtained information regarding Harris, while Housley remained handcuffed in the air-conditioned squad car for three to four hours.

Based upon our de novo review of the record, we conclude that the district court properly granted summary judgment. First, Housley argues that the warrant was invalid under the Fourth Amendment because the copy presented to him lacked the issuing judge's signature. The original warrant, however, was signed and issued "upon probable cause, supported by Oath or affirmation" in compliance with the Fourth Amendment. *See United States v. Lipford*, 203 F.3d 259, 270 (4th Cir. 2000).

---

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Second, Housley argues that officers may detain occupants of a residence during a search only where contraband is involved. We have permitted similar detentions during a search for evidence not involving contraband executed pursuant to a valid search warrant. *See United States v. Wallace*, 323 F.3d 1109, 1111 (8th Cir. 2003). In any event, the legitimate law enforcement interests of preventing flight, officer safety and orderly completion of the search outweighed the intrusiveness of Housley's detention. *See United States v. Hogan*, 25 F.3d 690, 693 (8th Cir. 1994). Finally, Housley argues that the police officer used excessive force by leaving him in the squad car handcuffed, which resulted in injuries to his wrists, and that the municipalities should be liable for inadequate training. The undisputed facts show that the officer followed standard handcuffing procedures, using reasonable force from the perspective of a reasonable officer, and Housley does not contest the constitutionality of the handcuffing procedure. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Housley also does not assert that the municipalities' method of training officers reflected "deliberate indifference" to his rights. *Larkin v. St. Louis Hous. Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004).

Accordingly, we affirm for the reasons set forth in the district court's well-reasoned opinion. *See* 8th Cir. R. 47B.

_____